Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lalande,<br><br>            Plaintiff,<br><br>v.<br><br>Kelly Dancer, Melody Dancer, Green Energy Solar, Inc. (FN),<br><br>            Defendants. | **ORIGINAL COMPLAINT** |

By and through the undersigned counsel, Plaintiff Daniel Lalande files this Complaint against Defendants Kelly Dancer, Melody Dancer and Green Energy Solar, Inc. (FN)[1] and pleads as follows:

## NATURE OF THE CASE

1. Plaintiff has worked for Defendants for approximately seven years as a swimming pool solar energy technician/installer. Plaintiff brings both state and federal law claims against Defendants for unlawful failure to pay wages and/or overtime wages.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over pendent state law claims is invoked pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Maricopa County, State of Arizona.

---

[1] The (FN) is included in the Arizona Corporation Commission "entity name" field. Significance unknown.

4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. At all times material hereto, Plaintiff was a resident of Arizona and an "employee" of Defendants as defined in 29 U.S.C. § 203(e) and A.R.S. §§ 23-351, 23-353 & 23-355.

6. Kelly Dancer, is a married individual doing business in Maricopa County, Arizona as a principal owner/officer of Green Energy Solar, Inc. (FN) and is an "employer" of Plaintiff.

7. Melody Dancer is married to Kelly Dancer, doing business in Maricopa County, Arizona as a principal owner/officer of Green Energy Solar, Inc. (FN), and also an "employer" or supervisor of Plaintiff.

8. Green Energy Solar, Inc. (FN) ("Green Energy") is a Nevada corporation licensed to do business in and doing business in Maricopa County, Arizona, and is an "employer" of Plaintiff.

9. Defendants Kelly Dancer and Melody Dancer exercise sufficient "command and control" over Plaintiff's employment and pay that they may be deemed Plaintiff's employers along with Green Energy.

10. Upon information and belief, the Dancers are partners or co-owners in other Arizona businesses that may or may not also have been "employers" of Plaintiff under state and federal law either as individuals or as joint employers or integrated enterprises. Leave will be sought to name these additional parties if needed to effectuate complete relief.

11. The Dancers, Green Energy and any other businesses they own constitute an "enterprise" as defined in 29 USC § 203(s)(1) and/or handle goods moving in interstate commerce and are thus subject to the requirements of the FLSA.

**FACTUAL BACKGROUND**

12. Defendants have employed Plaintiff since 2012.

13. Defendants specialize in solar domestic hot water and solar pool heating equipment sales and installation.

14. Plaintiff works as a technician/installer.

15. Plaintiff is not a salesman, though he occasionally receives a small sum designated



2

by Defendants as a "commission" for the sale of parts related to his repair and installation work.

16. Plaintiff is not a manger or supervisor, though he occasionally helps train new technicians who "ride along" to learn what he does.

17. Plaintiff has been paid hourly since he began his employment.

18. Plaintiff currently makes $22.00 per hour.

19. Plaintiff routinely exceeds 40 hours per workweek.

20. While his time is tracked and he is ostensibly compensated for the hours worked, Defendants have continually refused to pay overtime rates for hours Plaintiff worked over 40 in any workweek.

21. Early in Plaintiff's employment, when he asked about overtime, Defendants responded "we don't pay overtime" or words to that effect.

22. Plaintiff receives two checks per month – one on the 15th (approximately) and one on the last day of the month (approximately).

23. The first check ("check one") is paid on a "company" check, labeled a "draw"; and the second ("check two") is paid through ADP, a well-known, third-party, payroll company.

24. As to check one (the company check), for more than three years, the Defendants have listed on the check stub Plaintiff's hours, his gross pay at his "straight time," and then have withheld 20% of that amount to compute the amount of the <u>net</u> check to Plaintiff.

25. As to check two (the ADP check), for more than three years, the Defendants have caused ADP to include the total hours worked for the month, calculate the usual tax withholdings, and then deduct the full amount (or nearly so) of the <u>gross</u> pay shown on check one as an "advance" from his <u>net</u> pay on the ADP check.

26. To provide an example of how this works, on June 14, 2019, Defendants listed the following information on check one (check# 046563):

Gross 3043.37

80% 2434.70

138.34 hrs.

27. The amount of check one on June 14, 2019 was $2,434.70.



28. On June 28, 2019, the ADP earnings statement for check two covering the time period of May 20, 2019 to June 19, 2019 shows the following information:

Rate: 22.0000

Hours/units: 278.84

Regular pay: $6,134.48

Bonus: $225.00

Commission: $341.36

Gross pay: $6,700.84

Statutory Deductions (total): ($1,675.93)

**Advance: ($3,001.06)**

Net Pay: $2,023.85

29. There is no explanation as to why the amount of the listed "advance" on check two does not match the gross amount shown on the corresponding check one.

30. There is also no explanation as to what happened to the 20% withheld by Defendants on check one and why that 20% (or most of it) was included as part of the advance Plaintiff supposedly received on June 14, 2019 via check one.

31. Upon information and belief, Defendants have therefore over-reported to the IRS the amount paid to Plaintiff for more than three years.

32. Upon information, Plaintiff has been taxed on money he did not receive but that Defendants reported to the IRS he received.

33. Upon information and belief, Defendants have over-reported to take advantage of the business tax deductions that payroll expenses represent.

34. Upon information and belief, Defendants have simply kept the 20% of Plaintiff's check one that they have withheld.

35. Upon information and belief, Defendants have kept Plaintiff's money and over-reported his earnings knowingly.

36. Defendants derived the benefit of Plaintiff's labor while he was employed.

37. Upon information and belief, Defendants failed to post the required employment



posters at the location where they employed Plaintiff.

38. Defendants employ multiple workers.

39. Upon information and belief, Defendants were well aware of their obligations under state and federal law regarding minimum wage.

40. Plaintiff has retained the undersigned to represent him in this litigation and has agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on his behalf.

41. All conditions precedent to this suit have occurred or been excused.

## FIRST CAUSE OF ACTION - VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. At all times relevant to this action, the Plaintiff was employed by Defendants.

44. Plaintiff was a non-exempt employee under the FLSA, whom Defendants suffered or permitted to work.

45. While employed with Defendants, Plaintiff consistently and regularly worked more than 40 hours per workweek.

46. Defendants have intentionally failed to pay Plaintiff overtime wages for all hours worked in excess of 40 in any given workweek in direct violation of the FLSA, 29 U.S.C. §§ 206 & 207.

47. Defendants' conduct in violation of the FLSA was willful and taken without good faith.

48. Defendants' conduct is so egregious that Plaintiff seeks equitable tolling of the relevant statute of limitations far beyond the three years preceding the date of filing this Complaint contemplated by the FLSA for willful violations.

49. Defendants' conduct has caused Plaintiff harm.

50. Under 29 U.S.C. § 207, Defendants are also liable to Plaintiff for an amount equal to one and one-half times Plaintiff's designated hourly rate for each hour of overtime worked per



5

1  week, less amounts paid for those hours..

2  51.   In addition to the amount of unpaid wages owed, Plaintiff is entitled to recover an
3  additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION - FAILURE TO TIMELY PAY WAGES DUE UNDER A.R.S. § 23-350

52.   Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

53.   At all relevant times, Plaintiff was an employee of the Defendants within the meaning of state law.

54.   At all relevant times, Defendants were employers of Plaintiff as defined by state law.

55.   Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

56.   Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

57.   Defendants failed to timely pay Plaintiff wages due without a good faith basis for withholding the wages.

58.   Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

59.   As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

60.   Due to the egregious nature of Defendants' conduct in withholding his wages and the concomitant tax implications, Plaintiff seeks equitable tolling of the relevant statute of limitations far beyond the three years preceding the date of filing this Complaint.

### THIRD CAUSE OF ACTION - UNJUST ENRICHMENT

61.   Plaintiff hereby incorporates all preceding paragraphs as if set forth herein.

62.   Defendant has been unjustly enriched by its actions towards Plaintiff.

63.   Specifically, the Defendant has been enriched by retaining monies and/or benefits that in justice and equity belong to Plaintiff.

64.   Defendant's actions were the proximate cause of Plaintiff's impoverishment.



65. Defendant has no justification or excuse for its own enrichment and Plaintiff's impoverishment.

66. Plaintiff has no adequate legal remedy.

67. Defendant should be ordered in equity to make restitution to Plaintiff, including, *inter alia*, quantum meruit and correction of previous tax filings.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

A. Declaring that the actions of Defendants violated state and federal law;

B. Ordering Defendants to file with the IRS corrected tax forms for Plaintiff in the correct amounts actually paid him for the past seven years;

C. Awarding Plaintiff all compensation wrongfully withheld under the largest amount authorized by either state law or federal law for all hours worked times his agreed-upon hourly rate, less any amounts actually paid by Defendants;

D. Awarding Plaintiff overtime under the FLSA equal to an addition one-half times the proper hourly rate for all of the Plaintiff's time worked for Defendants in excess of 40 hours in any given workweek;

E. Awarding Plaintiff an additional amount equal to double the amount of unpaid wages for failure to pay wages timely pursuant to A.R.S. § 23-355;

F. Awarding Plaintiff liquidated damages in an amount equal to that determined to be unpaid overtime under the FLSA;

G. Awarding Plaintiff all compensatory and punitive damages to be determined by the trier of fact;

H. Alternatively, an order of restitution including, *inter alia*, quantum meruit to Plaintiff for Defendants' unjust enrichment;

I. Awarding Plaintiff pre-judgment interest;

J. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to state and federal statutes;



K.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

L.  For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 6th day of September, 2019,

                                                    JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*Daniel Lalande*



8